UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | CASE NO. 9:12-CR-14 |
| SHEILA L. PHILLIPS | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On May 30, 2012, this case came before the undersigned magistrate judge for entry of a guilty plea by the Defendant, Sheila L. Phillips, to Count One (1) of the Indictment. Count One alleges that on or about April 17, 2006, in the Eastern District of Texas, the Defendant, Sheila L. Phillips, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of United States Individual Income Tax Returns, Forms 1040 and 1040a, either individual or joint, for the taxpayer (Dorothy Bryce) and the calendar year (2005) hereinafter specified. The returns were false and fraudulent as to material matters, in that they represented that the taxpayers were entitled under the provisions of the Internal Revenue laws to claim deductions for items and in amounts hereinafter specified (standard deduction - $7,300; dependent exemption - $6,400; wages - $8,021; federal income tax withheld- $958; wages -

$6,815; federal income tax withheld - $911; earned income credit - $2,382), whereas, the Defendant then and there knew, the taxpayers were not entitled to claim deductions in the claimed amounts, in violation of 26 U.S.C. § 7206(2).

The Defendant, Sheila L. Phillips, entered a plea of guilty to Count One of the Indictment into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

    a.    That the Defendant, after consultation with her attorney, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That the Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. The Defendant verified that she understood the terms of the plea agreement, agreed with the Government's summary of the plea agreement, and acknowledged that it was her signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the court advised the Defendant that she has no right to withdraw the plea if the Court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or (C), the undersigned advised the Defendant that she will have the opportunity to withdraw her plea of guilty should the

Court not follow those particular terms of the plea agreement.[1]

      c.      That the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing the Defendant personally in open court, the undersigned determines that the Defendant's plea is knowing and voluntary and did not result from force, threats or promises (other than the promises set forth in the plea agreement). See FED. R. CRIM. P. 11(b)(2).

      d.      That the Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense and the Defendant realizes that her conduct falls within the definition of the crimes charged under 26 U.S.C. § 7206(2).

## **STATEMENT OF REASONS**

As factual support for the Defendant's guilty plea, the Government presented a factual basis. See Factual Basis and Stipulation. In support, the Government would prove that Sheila L. Phillips is the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in Count One

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. R. CRIM. P. 11(c)(3)-(5).

of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of the Defendant's plea, the undersigned incorporates the proffer of evidence described in detail in the factual basis and stipulation filed in support of the plea agreement, and the Defendant's admissions made in open court in response to the undersigned's further inquiry into the factual basis and stipulation.

The Defendant agreed with and stipulated to the evidence presented in the factual basis. Counsel for the Defendant and the Government attested to the Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that she was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of the Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count One of the Indictment. It is also recommended that the District Court defer accepting the plea agreement until the District Court has reviewed the presentence report. Accordingly, it is further recommended that the District Court finally adjudge the Defendant, Sheila L. Phillips,, guilty of the charged offense under Title 26, United States Code, Section 7206(2).

The District Court should defer its decision to accept or reject the plea agreement until there has been an opportunity to review the presentence report. If the plea agreement is rejected and the Defendant still persists in the guilty plea, the disposition of the case may be less favorable to the Defendant than that contemplated by the plea agreement. The Defendant is ordered to report to the

United States Probation Department for the preparation of a presentence report. The Defendant has the right to allocute before the District Court before imposition of sentence. It is recommended that the Court **ORDER** the Defendant's attorney to read and discuss the presentence report with the Defendant, and to file any objections to the report **BEFORE** the date of the sentencing hearing.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, see Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. See Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983); United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

SIGNED this 30th day of May, 2012.

_____
Zack Hawthorn
United States Magistrate Judge